IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGENIS M.F.,<br><br>Petitioner,<br><br>vs.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Civil No. 1:26-cv-08397-MWJS<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART<br><br>A# 219-851-187 |

**ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART**

Petitioner Argenis M.F.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and a motion for temporary restraining order, Dkt. No. 2.

Petitioner was admitted to the country under a B-2 visa in August 2020. Dkt. No. 11, at pg. 14. Petitioner was then granted Temporary Protected Status (TPS), and that status remained valid until November 20, 2025. *Id.* In August 2026, immigration authorities encountered Petitioner at the Turner Guilford Knight Correctional Center in Miami, Florida, after he was arrested for domestic battery, and they detained him. *Id.*

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention violates his procedural due process rights. Dkt. No. 1, at pgs. 25–27. Petitioner seeks either his immediate release or a bond hearing. *Id.* at pgs. 29–30. Although Respondent does not dispute that Petitioner is entitled to a bond hearing, he argues that the petition is moot because Petitioner received a bond hearing on October 22, 2026. *See* Dkt. Nos. 11, 14. During that hearing, the burden was placed on Petitioner to show that he is neither a danger nor a flight risk. *Id.*

Respondent acknowledges that Petitioner was granted TPS that remained valid until November 2025. The grant of that status "represents a determination by the Government that he was neither a flight risk nor a danger to the community," and as a consequence, Petitioner "has a strong interest in remaining at liberty unless he no longer meets those criteria." *Garcia v. Albarran*, No. 26-cv-04839, 2026 WL 1454512, at *2 (N.D. Cal. May 21, 2026). The mere fact that Petitioner's TPS expired does not, standing alone, show that he has suddenly become a danger to the community or flight risk—especially given the government's decision to allow him to remain at liberty for more than eight months after the expiration. *Accord Antunez v. Chestnut*, No. 1:26-cv-07587-DC-AC (HC), 2026 WL 3072454, at *1 (E.D. Cal. Oct. 14, 2026) ("Numerous courts within the Ninth Circuit have found that noncitizens who have lived at liberty without concern from the government pursuant to their temporary protected status develop a constitutional liberty interest in their continued freedom."); *Rivas Velasquez v. Warden*,

No. 1:25-cv-1818 CSK P, 2026 WL 494475, at *6 (E.D. Cal. Feb. 23, 2026) ("This Court finds that petitioner's time out of custody, even after his TPS was denied a year before he was detained by ICE, gave rise to a constitutionally protected liberty interest."); *see also Njafuh v. Andrews*, No. 1:26-cv-03436-DAD-AC (HC), 2026 WL 1346860, at *1 (E.D. Cal. May 14, 2026) (concluding that noncitizen who was not detained after his TPS terminated had a protected liberty interest).

Because Petitioner has a protected liberty interest, the only remaining question is what procedures are necessary to ensure that any deprivation of that liberty interest meets the demands of the Constitution. Petitioner contends that he should be immediately released, and the court should enjoin the government from re-detaining him without a pre-deprivation hearing, during which the government would bear the burden of proof. Dkt. No. 1, at pgs. 29–30. Respondent suggests, however, that the situation changed following Petitioner's arrest for domestic battery in August 2026. *See* Dkt. No. 11, at pgs. 4–5. On this view, Petitioner should not be granted immediate release, because post-deprivation process would be adequate. *See Pedro M.T.M. v. Warden, California City Correction Ctr.*, No. 1:26-CV-04862-MWJS, 2026 WL 1983261 (E.D. Cal. July 8, 2026) (granting post-deprivation bond hearing to former TPS recipient during which government bore the burden of proving by clear and convincing evidence that the noncitizen was a flight risk or danger to the community).

On the present record, Petitioner has not shown that pre-deprivation process was required. Petitioner therefore has not shown that he is entitled to immediate release. Accordingly, the petition is GRANTED, but only to the extent Petitioner requests a post-deprivation bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *See Pedro M.T.M.*, 2026 WL 1983261, at *2; *Rivas Velasquez*, 2026 WL 494475, at *8. The bond hearing that Petitioner received on October 22, 2026, does not mee this standard because Petitioner bore the burden of proof during that hearing. Respondent shall file a status report within ten days of the date of this order, confirming whether another bond hearing has been held and, if so, the outcome of that hearing. If another bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Although the court does not order Petitioner's immediate release, it makes this decision without prejudice to Petitioner filing a future petition if the record developed during any bond hearing shows that pre-deprivation process was necessary. *See* Entering Order, *Carlos U.G. v. California City Correction Center*, 1:26-cv-03209-MWJS (E.D. Cal. May 26, 2026), Dkt. No. 14 ("The court notes that the record before it contains

certain factual ambiguities which, through post-deprivation process and the record developed there, might support the conclusion that pre-deprivation process was in fact required before Respondents could re-detain Petitioner.”).

Petitioner’s motion for temporary restraining order, Dkt. No. 2, and motion for appointment of counsel, Dkt. No. 4, are DENIED as moot. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 30, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge